UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY STURGIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:21-cv-02613-SEB-TAB ) |
| WARDEN, | ) ) ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS**

Terry Sturgis is in Indiana Department of Correction custody. He brings this action under 28 U.S.C. § 2254 challenging his Indiana convictions for murder, battery, criminal confinement, and neglect of a dependent. The respondent has moved to dismiss the petition, arguing that Mr. Sturgis's claims are barred by the statute of limitation and procedurally defaulted. Because the claims are indeed procedurally defaulted, the motion to dismiss is **GRANTED** and this action is **DISMISSED**.

### I.   Background

**A.   Mr. Sturgis's Crimes[1]**

Mr. Sturgis regularly abused his children by punching them, beating them with objects, burning them with heated metal objects, and burning them with roach spray that he ignited with a lighter. Mr. Sturgis's mother, who lived in the same house, told him that if he kept abusing his children, he was going to kill one of them. One night in November 2011, he did just that.

---

[1] Except where otherwise noted, the facts of Mr. Sturgis's offenses are drawn from the Indiana Court of Appeals opinion on direct appeal. *Sturgis v. State*, 989 N.E.2d 1287 (Ind. Ct. App. 2013).

Mr. Sturgis lived in the basement of his mother's home with his five children: a fourteen-year-old son, a ten-year-old son, an eight-year-old son, a six-year-old daughter, and a four-year-old son.[2]

On November 3, 2011, a school principal called Mr. Sturgis to report that his fourteen-year-old son had been caught stealing pencils. Mr. Sturgis beat his son with a one-inch-thick dowel rod for ten minutes. At that point, he wrapped the son's wrists with duct tape and threw him on the floor to continue beating him. When his son tore off the duct tape and tried to stand up, Mr. Sturgis struck him in the head with the rod. His son fell back to the floor, where Mr. Sturgis proceeded to choke him.

At some point during the beating, the fourteen-year-old son told Mr. Sturgis that the ten-year-old son had taken one of Mr. Sturgis's water bottles. Mr. Sturgis ordered his fourteen-year-old son to clean up the basement. In the meantime, Mr. Sturgis beat his ten-year-old son with the dowel rod and burned his legs, buttocks, and torso with a clothes iron.

Somehow during all this, Mr. Sturgis's eight-year-old son caught his attention. Mr. Sturgis directed an older cousin who also lived in the house to hit the eight-year-old with a belt. She did so until the boy started bleeding. At that point, Mr. Sturgis hit his eight-year-old son with the dowel rod, burned him with the iron, and sent him to bed.

For the next several hours, Mr. Sturgis alternated beating and burning his fourteen-year-old son and his ten-year-old son. When the ten-year-old son sat down, shivering, and vomited, Mr. Sturgis continued to beat him while the fourteen-year-old son cleaned up the vomit.

Mr. Sturgis then directed his ten-year-old son to sit on a crate and hold an ice pack to his head. The boy dropped the ice pack, so Mr. Sturgis beat him and burned him with the iron.

---

[2] The children all have the same initials, so the Court refers to them by these descriptions.

When he dropped it again, Mr. Sturgis beat him, burned him with the iron, choked him, and threw him across the basement. The boy could not get up, so Mr. Sturgis poured water on his face. When the boy did not respond, Mr. Sturgis stood on his chest and poured water on his face again. The boy still did not respond. Mr. Sturgis lay down to watch television.

Mr. Sturgis and his fourteen-year-old son monitored the ten-year-old's breathing. His breathing eventually stopped. Mr. Sturgis tried to administer CPR, but the boy was non-responsive. Mr. Sturgis's mother called 911. Efforts to revive the boy failed, and he was pronounced dead at the hospital.

A pathologist determined that the cause of death was blunt force trauma, primarily to the head. The pathologist found that the ten-year-old boy had a broken left arm, a broken rib, and a fractured coccyx. His brain was so swollen that it protruded from the bottom of his skull. He also had a formerly broken right arm that had since healed. A pediatrician later examined Mr. Sturgis's fourteen-year-old son and eight-year-old son. He discovered multiple scars from burns and whippings on both boys.

### B. Trial and Direct Appeal

Both the fourteen-year-old son and eight-year-old son testified at trial. During cross-examination of the eight-year-old, the court allowed defense counsel to ask several questions about whether the fourteen-year-old son had abused his siblings. *Sturgis v. State*, 989 N.E.2d 1287, 1291−92 (Ind. Ct. App. 2013). Counsel expressly disclaimed any intention to ask the eight-year-old boy about whether Mr. Sturgis's fourteen-year-old son had molested his six-year-old daughter.

A jury convicted Mr. Sturgis of one count of murder and multiple counts of battery, criminal confinement, and neglect of a dependent. *Id.* at 1290. The trial court sentenced him to an aggregate 140 years in prison. *Id.*

Mr. Sturgis argued on direct appeal, as relevant here, that the trial court violated his federal Confrontation Clause rights by limiting cross-examination of his eight-year-old son and that several of his convictions violated double jeopardy principles. *See generally* dkt. 6-3 (appellant's brief on direct appeal). The Indiana Court of Appeals affirmed. *Sturgis*, 989 N.E.2d at 1294. As to the Confrontation Clause claim, the court held that (a) Mr. Sturgis had waived any claim as to limits on his ability to question his eight-year-old son about the fourteen-year-old's molestation of his sister, because counsel expressly disclaimed any intention to ask such a question and (b) there were no other Confrontation Clause concerns because the trial court allowed defense counsel to cross-examine the eight-year-old about all other issues Mr. Sturgis identified on appeal. *Id.* at 1291−92.

Mr. Sturgis filed a *pro se* petition to transfer to the Indiana Supreme Court. He argued, as relevant here, that the Indiana Court of Appeals erred in finding that he waived part of his Confrontation Clause based on trial counsel's actions. Dkt. 6-6 at 5−6. The Indiana Supreme Court denied transfer on September 27, 2013.

### C. State and Federal Collateral Review

Mr. Sturgis filed a state post-conviction petition on October 3, 2014. Dkt. 6-7 at 1 (online docket for state post-conviction proceedings, noting that the petition was file stamped on October 3, 2014). After an evidentiary hearing, the trial court denied relief. Dkt. 1-1 at 1−28.

Mr. Sturgis filed a timely notice of appeal in January 2021. Dkt. 6-8 at 1 (online docket for state post-conviction appeal). But on July 8, 2021, the Indiana Court of Appeals dismissed his appeal for failure to comply with state appellate rules. *Id.* at 4. Mr. Sturgis did not petition to transfer to the Indiana Supreme Court.

On October 8, 2021, Mr. Sturgis filed a petition for writ of habeas corpus in this Court. Dkt. 1. In it, he argues that

1. trial counsel was ineffective for failing to strike certain jurors;

2. direct appeal counsel was ineffective for failing to argue that his battery convictions violate the Double Jeopardy clause because they were all part of "a single episode";

3. he was denied an opportunity to cross-examine his eight-year-old son about his fourteen-year-old son's alleged molestation of his six-year-old daughter in violation of the Confrontation Clause; and

4. trial counsel was ineffective for failing to move for a venue change.

Dkt. 1 at 13–41.

The respondent has moved to dismiss the petition, arguing that all the claims are barred by the statute of limitation and procedurally defaulted. Dkt. 6. Mr. Sturgis has not responded to the motion to dismiss.

## II. Statute of Limitation

### A. Statute of Limitation

In the ordinary case, a petitioner has one year from the date his conviction became final to file a petition challenging his custody pursuant to that conviction. *See* 28 U.S.C. § 2244(d)(1)(A). This one-year limitation period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 44(d)(2).

Here, the respondent argues that Mr. Sturgis's § 2254 petition was filed 30 days late. Dkt. 6 at 6–7. But the respondent's argument hinges on the proposition that Mr. Sturgis is not entitled to tolling for the time in which he could have (but did not) file a timely petition to transfer to the Indiana Supreme Court on post-conviction review. *Id.* at 7. Neither the Seventh Circuit nor the Supreme Court has addressed this question. *See Williams v. Buss*, 538 F.3d 683, 685

(7th Cir. 2008) (declining to address statute of limitation argument and instead resolving claims based on procedural default). But several other circuits have, and they have unanimously rejected the respondent's position. *See*, *e.g.*, *Holbrook v. Curtin*, 833 F.3d 612, 617−18 (6th Cir. 2016); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.4 (3d Cir. 2013); *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010); *Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009); *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006) (per curiam); *Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004).

Like the Seventh Circuit in *Williams*, this Court need not resolve the statute of limitation question because all of Mr. Sturgis's claims are procedurally defaulted. *Williams*, 538 F.3d at 685 ("Williams cannot prevail for an equally compelling reason: his ineffective assistance claim was procedurally defaulted.").

### III. Procedural Default

#### A. Applicable Law

If a petitioner in custody pursuant to a state court judgment raises a claim on federal habeas review without first presenting it through "one complete round of the State's established appellate review process," the claim is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015). Merely referencing a claim is not enough to avoid procedural default. For fair presentment, a petitioner must "present both the operative facts and controlling law to the state court." *Thomas v. Williams*, 822 F.3d 378, 385 (7th Cir. 2016) (cleaned up). To obtain relief on a procedurally defaulted claim, a petitioner must show either "cause and prejudice" to excuse the default or "that the court's failure to consider the defaulted claim would result in a fundamental miscarriage of justice." *McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013).

6

### B. Mr. Sturgis's Claims

Grounds 1 and 4 allege ineffective assistance of trial counsel, while Ground 2 alleges ineffective assistance of counsel on direct appeal. These grounds are all defaulted because Mr. Sturgis failed to present them through one complete round of Indiana's ordinary appellate process. Mr. Sturgis argued ineffective assistance of trial counsel in his state post-conviction petition. *See* dkt. 1-1 at 8. He did not argue ineffective assistance of direct appeal counsel. Regardless, Mr. Sturgis did not present any of these claims through a full round of appellate review. When his post-conviction appeal was dismissed, Mr. Sturgis did not petition to transfer to the Indiana Supreme Court. Accordingly, Grounds 1, 2, and 4 are procedurally defaulted.

Mr. Sturgis argued Ground 3—his Confrontation Clause claim—on direct appeal. Dkt. 6-3 at 27−31. The Indiana Court of Appeals resolved one portion of this claim on procedural grounds, holding that Mr. Sturgis had waived any Confrontation Clause as to questions about his fourteen-year-old son's alleged molestation of his six-year-old daughter. *Sturgis*, 989 N.E.2d at 1291. In his petition to transfer to the Indiana Supreme Court, Mr. Sturgis argued that trial counsel was ineffective for "his failure to contemporaneously object [to] the waived issue." Dkt. 6-6 at 5. But he made no argument as to the merits of the underlying Confrontation Clause claim. This claim is therefore defaulted because Mr. Sturgis failed to fairly present it in the Indiana Supreme Court. *Thomas*, 822 F.3d at 385 (fair presentment requires petitioner to present controlling law and operative facts to the state court).

Mr. Sturgis does not acknowledge his procedural defaults. Nor does he argue any basis—either cause and prejudice or fundamental miscarriage of justice—to excuse them. Based on the record before the Court, there is no reason to believe that either of these exceptions would apply. Accordingly, all of Mr. Sturgis's claims are subject to dismissal based on procedural defaults.

### IV. Certificate of Appealability

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). A district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Habeas Corpus Rule 11(a).

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016). Because no reasonable jurist would disagree that Mr. Sturgis's claims are procedurally defaulted, the Court **DENIES** a certificate of appealability.

### V. Conclusion

The respondent's motion to dismiss, dkt. [6], is **GRANTED**. The petition for writ of habeas corpus is **DISMISSED**, and a certificate of appealability is **DENIED**.

Final judgment shall issue.

**IT IS SO ORDERED.**

Date: 8/1/2022

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TERRY STURGIS
222024
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov